IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIFFANY RANDALL A/N/F of<br>S.P., A MINOR | §<br>§<br>§ | |
| *Plaintiff*, | § | Civil No. |
| | § | |
| v. | §<br>§ | |
| NEW CANEY INDEPENDENT SCHOOL<br>DISTRICT | §<br>§<br>§ | **JURY TRIAL DEMANDED** |
| *Defendant*. | §<br>§ | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Tiffany Randall (referred to herein as "Plaintiff") A/N/F of S.P., a minor (herein referred to as "S.P.") complains of Defendant NCISD (herein referred to as "Defendant") and would respectfully show this Court as follows:

## I.
## JURISDICTION AND VENUE

1.1   Pursuant to 28 U.S.C. § 1391(b)(2), the United States District Court for the Southern District of Texas, Houston Division, is an appropriate venue as a substantial part of the events or omissions giving rise to the claim that occurred within the district.

1.2   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it arises under the Constitution and laws of the United States, and pursuant to 28 U.S.C. § 1343(a)(3), as it seeks to redress the deprivation of rights secured by 42 U.S.C. § 1983.

1.3   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the events giving rise to this action occurred within this judicial district.

1.4   Plaintiff seeks recovery of damages within the jurisdictional limits of this Court.

## II.
## PARTIES

2.1     Plaintiff is an individual residing in Montgomery County, Texas and the biological mother of S.P.

2.2     S.P. is a minor child who resides in Montgomery County, Texas and who attended Brookwood Forest Elementary School, which is operated by Defendant.

2.2     Defendant is an independent school district organized under the laws of Texas, and is responsible for the operation, management, supervision, and control of public schools within its jurisdiction, including New Caney Independent School District.

2.3     Defendant New Caney Independent School District is formed under the laws of the State of Texas and is located in Montgomery County, Texas. Defendant New Caney ISD may be served with summons by serving its superintendent as follows: New Caney Independent School District Matt Calvert, Superintendent at 21580 TX-494 Loop, New Caney, Texas 77357, or wherever it may be found.

2.4     At all times relevant to this action, Defendant acted under color of state law

## III.
## MISNOMERAL/ALTER EGO

3.1     In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## IV.
## FACTS

4.1   On or about August 23, 2022, S.P. was a pre-kindergarten student attending Brookwood Forest Elementary School, located at 25545 Sorters Rd., Porter, TX 77365, which is located in Montgomery County, Texas.

4.2.   At the time of the incident and at all other material times hereto, Brookwood Forest Elementary School was under the direction and operation of Defendant New Caney Independent School District.

4.3   At the time of the incident, and on the campus of Brookwood Forest Elementary School, a teacher/employee/agent of Brookwood Forest Elementary School (referred to herein as "Jane Do") dragged S.P. across the school floor during school operation hours and during a time in which S.P. was under Jane Do's supervision, resulting in S.P.'s injuries.

4.4   The act of Jane Do was so violent that it caused S.P.'s jeans to be ripped and led to S.P. suffering with resulting pain, seizures, fear, and mental anguish.

4.5   Jane Do's use of force and physical contact with S.P. was excessive, unreasonable, and unjustified under the circumstances, and violated S.P.'s rights under the Fourth and Fourteenth Amendments to the United States Constitution.

4.6   Plaintiff notified teachers and administrators at Brookwood Forest Elementary School, who, individually, and collectively with Sergeant Jason Ladwig (referred to herein as "Sgt. Ladwig"), another employee of Defendant, confiscated S.P.'s damaged jeans and obtained copies of S.P.'s confidential medical records without returning them or providing any details of their whereabouts.

4.7   Further, Plaintiff alleges that Defendant obtained surveillance of the incident at issue, which Sgt. Ladwig and others of Defendant, viewed without submitting to Plaintiff's request

to view the same, destroyed it after litigation hold, and submitted personal information of S.P. to State law enforcement officials, involving incident numbers allegedly against and related to, Jane Do's harm to S.P., without Plaintiff's knowledge of the same.

4.8     All of the foregoing resulted in S.P.'s injuries and damages further outlined herein.

## V.
## CAUSES OF ACTION
### COUNT 1: VIOLATION OF 42 U.S.C. § 1983 (EXCESSIVE FORCE)

5.1     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

5.2     By using excessive force against S.P. without justification or provocation, Jane Do deprived Plaintiff of his right to be free from unreasonable seizures under the Fourth Amendment to the United States Constitution.

5.3     By failing to train, supervise, discipline, or control teacher/employee/agent, Defendant exhibited deliberate indifference to the constitutional rights of S.P. and other students in its direct and indirect care, as students of Brookwood Forest Elementary School.

5.4     As a direct and proximate result of Defendant's actions and omissions, S.P. suffered injuries and damages as described above.

5.5     Therefore, Plaintiff/S.P. is entitled to compensatory and punitive damages from Defendant for its violation of 42 U.S.C. § 1983.

## VI.
### COUNT 2:
### VIOLATION OF 42 U.S.C. § 1983 (DUE PROCESS)

6.1     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

6.2     By using excessive force against S.P. without justification or provocation, Jane Do deprived S.P. of his right to substantive due process under the Fourteenth Amendment to the United States Constitution.

6.3     By failing to train, supervise, discipline, or control teacher/employee/agent, Defendant exhibited deliberate indifference to the constitutional rights of S.P. and other students in its care.

6.4     As a direct and proximate result of Defendant's actions and omissions, S.P. suffered injuries and damages as described above.

6.5     Therefore, Plaintiff/S.P. is entitled to compensatory and punitive damages from Defendant for its violation of 42 U.S.C. § 1983.

## VII.
## COUNT III:
## VIOLATION OF HIPAA

7.1     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

7.2     Plaintiff alleges that Defendant violated S.P.'s rights under the Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. § 1320d et seq., by permitting Sgt. Ladwig to obtain and maintain S.P.'s health and medical information and records without Plaintiff's consent or authorization.

7.3     By disclosing S.P.'s personal health information to its law enforcement officers without his consent or authorization, Defendant violated Plaintiff's rights under HIPAA.

7.4     As a direct and proximate result of Defendant's actions, Plaintiff suffered injuries and damages as described above.

7.5     Therefore, Plaintiff is entitled to compensatory damages from Defendant for its violation of HIPAA.

## VIII.
## NEGLIGENT HIRING/ TRAINING

8.1     Additionally, or in the alternative, Plaintiff alleges that Defendant owed a duty to Plaintiff to exercise reasonable care in selecting, hiring, training, and supervising their employees. Defendant breached that duty by: failing to exercise ordinary care in hiring their employees; failing to properly train their employees; failing to properly supervise their employees; failing to inquire as to the competence and qualifications of their employees; and/or failing to properly train employees on the proper methods and/or safety procedures for maintaining the Premise.

## IX.
## DAMAGES

9.1     Plaintiff has suffered damages in the form of physical pain and injury, mental and emotional anguish, pain and suffering in the past, pain and suffering in the future, past and future earning capacity and economic loss, past and future physical impairment, and disfigurement. Additionally, Plaintiff suffered mental and emotional anguish due to becoming severely injured as a result of Defendant's negligence. Plaintiff sustained reasonable and necessary past and future medical bills and expenses, and she will, in all reasonable probability, continue to sustain such legal elements of damages in the future beyond the date of the trial of this cause.

9.2     Therefore, Plaintiff maintains this suit against Defendant for each of her foregoing legal elements of damages in a just and reasonable sum within the jurisdictional limits of this Honorable Court, to be determined under the sound discretion of the trier of fact or jury.

## X.
## PRESERVING EVIDENCE

10.1    Plaintiff previously requested and demanded of Defendant that Defendant preserve and maintain all evidence pertaining to any claim or defense related to the incident that made the basis of this lawsuit or the damages resulting there from, including, but not limited to: videotapes, visitor sign-in sheets/logs, accident reports, audio recordings, photographs, cellular data, emails, electronic messages, letters, surveillance footage, and other documents concerning the incident that makes the basis of this suit. Plaintiff hereby further requests and demands that Defendant preserve and maintain all evidence pertaining to any claim or defense related to the incident that made the basis of this lawsuit or the damages resulting therefrom, including, but not limited to, those previously demanded and referenced above. Defendant's failure to maintain such items will constitute "spoliation" of the evidence.

## XI.
## RESERVE THE RIGHT TO AMEND AND SUPPLEMENT

11.1    These allegations against Defendant are made acknowledging that investigation and discovery, although undertaken, are continuing in this matter. As further investigation and discovery are conducted, additional facts are anticipated to be uncovered that may and probably will necessitate further, additional, and/or different allegations. The right to amend or supplement is expressly reserved.

## XII.
## JURY DEMAND

12.1    Plaintiff hereby demands a trial by jury.

## XIII.
## PRAYER FOR RELIEF

13.1     WHEREFORE, Plaintiff respectfully requests that this Court: assume jurisdiction over this action; enter judgment in favor of Plaintiff and against Defendant on all counts; award Plaintiff/S.P. compensatory damages in an amount to be determined at trial; award Plaintiff/S.P. punitive damages in an amount to be determined at trial; grant Plaintiff/S.P. injunctive relief prohibiting Defendant from engaging in further violations of S.P.'s rights; grant Plaintiff/S.P. declaratory relief declaring that Defendant's actions violated S.P.'s rights; award Plaintiff/S.P. reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988; Award Plaintiff pre-judgment and post-judgment interest; and Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

**THE WALLACE LAW FIRM, PLLC**

*Belashia Wallace*

BELASHIA S. WALLACE
Federal ID No. 3781822
Texas Bar No. 24086710
363 N. Sam Houston Pkwy E., Suite 1400
Houston, Texas 77060
Telephone:  (281) 766-1700
Facsimile:   1-888-685-1831
E-mail:       BWallace@TheWallaceLaw.com
E-service:   Service@TheWallaceLaw.com

**ATTORNEY FOR PLAINTIFF**