United States District Court
Southern District of Texas
**ENTERED**
March 08, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIFFANY RANDALL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-02332 |
| | § | |
| NEW CANEY INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court are Defendant New Caney Independent School District's ("New Caney ISD") Motion to Dismiss Plaintiff's First Amended Complaint (the "Motion") (Doc. #10), Plaintiff Tiffany Randall's Response (Doc. #11), and New Caney ISD's Reply (Doc. #12). Having considered the parties' arguments and the applicable legal authorities, the Court grants the Motion.[1]

### I.    Background

This case arises out of injuries that S.P., a minor child, suffered as a student at Brookwood Forest Elementary School ("Brookwood"), which is under the direction and operation of New Caney ISD. Doc. #8. On or about August 23, 2022, an unidentified "teacher/employee/agent" of Brookwood (hereinafter, "Jane Doe") "dragged S.P. across the school floor during school operation hours in efforts to keep [S.P.] in a designated area with a group of other students." *Id.* ¶

---

[1] Also before the Court is New Caney ISD's Motion to Dismiss Plaintiff's Original Complaint. Doc. #5. Because Plaintiff filed an Amended Complaint, which New Caney ISD has moved to dismiss, the Court finds that New Caney ISD's Motion to Dismiss Plaintiff's Original Complaint is DENIED as MOOT. *Id.*

4.3.  S.P. was dragged across the floor with such force that S.P.'s jeans were ripped.  *Id.* ¶ 4.4.  As a result of this incident, S.P. suffered "pain, seizures, fear, and mental anguish." *Id.* ¶ 4.4.  After the incident, Plaintiff Tiffany Randall ("Plaintiff"), S.P.'s mother, notified the teachers and administrators at Brookwood of what happened to S.P. *Id.* ¶ 4.11.  New Caney ISD then confiscated S.P.'s damaged jeans and obtained copies of S.P.'s medical records. *Id.*

New Caney ISD has a policy manual that permits the use of corporal punishment as a method of disciplining students.  *Id.* ¶¶ 4.6–4.7.  The policy defines "corporal punishment" as "deliberate infliction of physical pain by hitting, paddling, spanking, slapping, or any other physical force used as a means of discipline." *Id.* ¶ 4.7.  The corporal-punishment policy further states that "the use of force against a student is justified if the teacher or administrator is entrusted with the care, supervision, or administration of the student when, and to the degree the teacher or administrator reasonably believes the force is necessary, to further the purpose of education or to maintain discipline in a group." *Id.* ¶ 4.8.

On July 27, 2023, Plaintiff filed the First Amended Complaint on behalf of S.P.  *Id.* Pursuant to 42 U.S.C. § 1983 ("Section 1983"), Plaintiff alleges that New Caney ISD used excessive force and violated S.P.'s substantive due process rights in violation of the Fourth and Fourteenth Amendments. *Id.* ¶¶ 5.1–6.8.  Plaintiff also alleges that New Caney negligently hired and trained its employees and agents, including Jane Doe, in how to care for students. *Id.* ¶¶ 7.1–7.5.  On August 8, 2023, New Caney ISD filed the Motion to Dismiss, seeking dismissal of all claims asserted in the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]  Doc. #10.

---

[2] The Court notes that New Caney ISD sought dismissal of Plaintiff's negligent hiring and training claim pursuant to Federal Rule of Civil Procedure 12(b)(1) based on governmental immunity. Doc. #11 at 11–12.  However, Plaintiff's Response clarified she intended to bring her negligent

## II.      Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint need not contain 'detailed factual allegations'; rather, it need only allege facts sufficient to 'state a claim for relief that is plausible on its face.'" *Littell v. Hous. Indep. Sch. Dist.*, 894 F.3d 616, 622 (5th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 663. "Significantly, a complaint may proceed even if 'recovery is very remote and unlikely,' so long as the alleged facts 'raise a right to relief above the speculative level.'" *Littell*, 864 F.3d at 622 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). In evaluating the complaint, the Court takes "the well-pleaded factual allegations in the complaint as true" but does "not credit conclusory allegations or allegations that merely restate the legal elements of a claim." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

## III.      Analysis

### a.      Section 1983 Claims

New Caney ISD first moves to dismiss Plaintiff's Fourth and Fourteenth Amendment claims brought pursuant to Section 1983. Doc. #10 at 4–10. "To state a claim under [Section] 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). A local government is not liable for actions "solely by its employees or agents." *Monell v. Dep't of*

---

hiring and training claim under Section 1983. Doc. #11 at 7–9. Thus, the Court need only evaluate New Caney ISD's Motion under the Rule 12(b)(6) standard.

*Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Rather, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under [Section] 1983." *Id.*

### 1. Fourth Amendment Excessive Force Claims

New Caney ISD argues that Plaintiff's Fourth Amendment claims must be dismissed because (1) Plaintiff failed to sufficiently allege S.P.'s constitutional rights were violated as a result of an official policy or custom, and (2) Plaintiff's Fourth Amendment claims fail as a matter of law. Doc. #10 at 4–10. Because the Court finds that under the facts alleged in the First Amended Complaint, Plaintiff cannot maintain her Fourth Amendment claims as a matter of law, the Court only addresses New Caney ISD's second argument.

The Fifth Circuit does not permit students to bring Fourth Amendment claims based on excessive corporal punishment. *Flores v. Sch. Bd. of DeSoto Par.*, 116 F. App'x 504, 509–10 (5th Cir. 2004) (unpublished); *T.O. v. Fort Bend Indep. Sch. Dist.*, 2 F.4th 407, 413 (5th Cir. 2021). In *Flores*, a teacher allegedly threw a special education student against the wall and choked him. 116 F. App'x at 506. The student asserted Section 1983 claims for, among other things, excessive force, failure to train, and substantive due process violations. *Id.* at 509. The Fifth Circuit affirmed the district court's Rule 12(b)(6) dismissal of the student's Fourth Amendment claims, reasoning that "permitting students to bring excessive force claims under the Fourth Amendment would eviscerate this circuit's rule against prohibiting substantive due process claims on the part of schoolchildren for excessive corporal punishment." *Id.* at 510. Moreover, the Fifth Circuit has explained that, while the "Fourth Amendment is applicable in a school context," in this Circuit, "claims involving corporal punishment are generally analyzed under the Fourteenth Amendment."

4

*T.O.*, 2 F.4th at 413 (affirming the dismissal of the plaintiff's Fourth Amendment claims pursuant to Rule 12(b)(6) where a student was thrown on the floor and choked for several minutes).

Here, Plaintiff asserts that S.P. was subjected to unconstitutionally excessive force in violation of the Fourth Amendment as a result of (1) New Caney ISD's corporal-punishment policy, and (2) New Caney ISD's failure to train and supervise its staff on proper measures of care of students. Doc. #11 at 3–6. These claims are premised on S.P. being dragged across a classroom floor "in efforts to keep him in a designated area with a group of other students," which Plaintiff argues occurred as a result of New Caney's policy permitting corporal punishment. Doc. #8 ¶ 4.3, 4.6–4.8. Thus, Plaintiff's claims are premised on alleged excessive corporal punishment. Accordingly, Plaintiff's Fourth Amendment claims must be dismissed because "[i]n this circuit . . . claims involving corporal punishment are generally analyzed under the Fourteenth Amendment." *T.O.*, 2 F.4th at 413; *see also Flores*, 116 F. App'x at 509–10; *Trice v. Pearland Indep. Sch. Dist.*, No. 3:19-CV-00286, 2020 WL 1557750, at *6 (S.D. Tex. Mar. 16, 2020), *report and recommendation adopted*, 2020 WL 1667748 (S.D. Tex. Apr. 1, 2020) (citing *Flores* and dismissing a student's Fourth Amendment excessive force claims under Section 1983).

### 2.  Fourteenth Amendment Due Process Claims

Next, New Caney ISD argues that Plaintiff's Fourteenth Amendment claims must be dismissed because the Fifth Circuit does not permit students to assert substantive due process violations in cases based on alleged excessive force in a disciplinary setting. Doc. #10 at 9–10. The Fifth Circuit has "stated that corporal punishment in public schools 'is a deprivation of substantive due process when it is arbitrary, capricious, or wholly unrelated to the legitimate state goal of maintaining an atmosphere conducive to learning.'" *Fee v. Herndon*, 900 F.2d 804, 808 (5th Cir. 1990). Thus, courts in this Circuit "consistently dismiss[] substantive due process claims

when the offending conduct occurred in a disciplinary, pedagogical setting." *T.O.*, 2 F.4th at 414 (collecting cases). "[A]s long as the state provides an adequate remedy, a public school student cannot state a claim for denial of substantive due process through excessive corporal punishment, whether it be against the school system, administrators, or the employee who is alleged to have inflicted the damage." *Moore*, 233 F.3d at 874. Moreover, the Fifth Circuit has "consistently held that Texas law provides adequate, alternative remedies in the form of both criminal and civil liability for school employees whose use of excessive disciplinary force results in injury to students." *T.O.*, 2 F.4th at 415.

In *T.O.*, a first-grade student hit a teacher's leg, and the teacher responded by throwing the student on the floor and putting him in a chokehold for several minutes. *Id.* at 412. The student's parents sued the teacher under Section 1983 for violations of the student's Fourteenth Amendment liberty interest in his bodily integrity. *Id.* The Fifth Circuit affirmed the district court's dismissal of the Fourteenth Amendment claims under Rule 12(b)(6), reasoning that even if the teacher's "intervention were ill-advised and her reaction inappropriate, we cannot say that it did not occur in a disciplinary context." *Id.* at 415. The Fifth Circuit further noted that "[t]he facts alleged simply do not suggest that [the student] was the subject of a 'random, malicious, and unprovoked attack.'" *Id.* (quoting *Flores*, 116 F. App'x at 511).

Here, the facts alleged in the First Amended Complaint suggest that Jane Doe used force against S.P. in a pedagogical, disciplinary setting in order to keep S.P. in a designated area with other students. Indeed, Plaintiff explicitly alleges that S.P.'s substantive due process rights were violated "when S.P. was subjected to excessive force by being dragged across a classroom floor *for disciplinary reasons*." Doc. #8 ¶ 6.4 (emphasis added). Plaintiff further claims that Jane Doe's conduct was a result of Defendant's corporal punishment policy, which effectively permitted the

6

deprivation of S.P.'s "bodily integrity." *Id.* ¶ 6.5.  The law of the Fifth Circuit requires dismissal of Plaintiff's Fourteenth Amendment claims because "as long as the state provides an adequate remedy, a public school student cannot state a claim for denial of substantive due process through excessive corporal punishment." *Moore*, 233 F.3d at 874.  Even if Jane Doe's conduct was "ill-advised" or "inappropriate," the facts alleged show that the use of force occurred in a disciplinary setting and was not a "random, malicious, and unprovoked attack." *See T.O.*, 2 F.4th at 415 (internal quotations and citation omitted).  Furthermore, "Texas law provides adequate, alternative remedies in the form of both criminal and civil liability" for students in S.P.'s situation. *Id.* Accordingly, Plaintiff's Fourteenth Amendment claims must be dismissed.

Plaintiff argues her Fourth and Fourteenth Amendment claims should not be dismissed because New Caney ISD confiscated S.P.'s jeans and "unlawfully access[ed] and maintain[ed] S.P.'s confidential medical records without consent," which "are not typical instances of corporal punishment but rather represent extreme violations that fall outside those bounds." Doc. #11 at 6. But the confiscation of S.P.'s jeans and disclosure of medical records have no bearing on the alleged Fourth and Fourteenth Amendment violations, which are premised on the use of excessive force and the deprivation of S.P.'s liberty interest in bodily integrity. Doc. #8 ¶¶ 5.2, 6.5.  Thus, the Court finds that Plaintiff has failed to allege any viable Section 1983 claims and grants New Caney ISD's Motion with respect to Plaintiff's Fourth and Fourteenth Amendment claims.

### b.  Negligent Training and Hiring Claims

In the First Amended Complaint, Plaintiff asserts a "negligent hiring/training" cause of action without identifying whether she intended to bring the claim pursuant to a federal statute or state law. *See* Doc. #8 ¶¶ 7.1–7.5.  Assuming Plaintiff was asserting a tort claim for ordinary negligence, New Caney ISD moved to dismiss the claim based on governmental immunity. Doc.

#10 at 11–12.   However, in her Response, Plaintiff defended her negligent training and hiring cause of action as *Monell* claims brought pursuant to Section 1983.   Doc. #11 at 7–8.   Thus, to the extent Plaintiff intended to bring state law tort claims, those have been abandoned.   *See Lewis v. City of Hous.*, No. 4:22-CV-00844, 2023 WL 2249991, at *4 (S.D. Tex. Feb. 27, 2023), *aff'd sub nom. Lewis v. Inocencio*, No. 23-20098, 2024 WL 229274 (5th Cir. Jan. 22, 2024) (noting that "failure to respond to arguments raised in a motion to dismiss constitutes waiver or abandonment of those issues at the district court level").   And, as discussed above, Plaintiff has failed to sufficiently allege a constitutional violation under either the Fourth or Fourteenth Amendment, and thus has not sufficiently alleged a Section 1983 claim.   *Supra* pp. 3–7; *Moore*, 233 F.3d at 874 (noting that a Plaintiff must "allege a violation of a right secured by the Constitution or laws of the United States" in order to assert a Section 1983 claim).   Accordingly, Plaintiff's negligent training and hiring claims are dismissed.

## IV.    Conclusion

In conclusion, the Court finds that Plaintiff has failed to state a viable claim against New Caney ISD under Section 1983.   Thus, New Caney ISD's Motion to Dismiss is hereby GRANTED and all of Plaintiff's claims are DISMISSED.   Doc. #10.   Moreover, New Caney ISD's Motion to Dismiss Plaintiff's Original Complaint is DENIED as MOOT.   Doc. #5

It is so ORDERED.

**MAR 0 8 2024**

Date

The Honorable Alfred H. Bennett
United States District Judge

8